### DANIEL EATON *vs.* ENOCH GEORGE.

*A.* having given *B.* several notes of hand, and conveyed to him his farm in mort-
gage to secure the payment of them, afterwards conveyed the same farm to *C.*
absolutely; and *C.* having paid to *B.* the amount of the notes, and taken an
assignment of the mortgage, brought a suit in *B.'s* name against *A.* upon the
notes: it was held that the notes must be considered as paid, and that no suit
could be maintained upon them against *A.*

THIS was an action of assumpsit. The first count was
upon a note of hand made by the defendant, dated March
31, 1815, for $52, payable to the plaintiff, or order. The
second count was upon a note of the same date, made by
*George*, for $62 50, payable to the plaintiff, or order.

The cause was tried here at November term, 1819, upon
the general issue, when it appeared in evidence, that these
two notes with others amounting in the whole to about $200,
were given by the defendant to the plaintiff for a farm con-
veyed by *Eaton* to *George* ; the payment of all which notes
was secured by a mortgage of the farm. The defendant,
being in debt, after the mortgage was given to the plaintiff,
made an absolute conveyance of the farm to *Harris* and *Rus-
sell*, two of his creditors. *Russell* afterwards conveyed his
interest to *Harris*, who conveyed the whole farm to one
*Flanders*. *Flanders*, at the time he took the conveyance,
knew of the existence of the mortgage, but was told by *Har-
ris* that part of it was paid, and that *George* could be com-
pelled to pay the remainder. In December, 1818, *Flanders*
went to *Eaton* and paid him the amount due upon the notes,
and took an assignment of the notes and mortgage. He then
caused this suit to be brought in *Eaton's* name for his own
benefit.

A verdict was taken for the plaintiff by consent, subject
to the opinion of the court upon the foregoing facts.

RICHARDSON, C. J., delivered the opinion of the court.

There is no foundation for this action. *Flanders*, having
*George's* right in equity to redeem the land, paid to *Eaton*

the amount due upon the mortgage, and took an assignment of it. *Flanders* thus became seized of the land absolutely in fee simple, and the mortgage was discharged. And as *Flanders*, in redeeming the land, stood in *George's* place, the payment to *Eaton* by *Flanders* is as much a payment of the notes, as if it had been made by *George* himself; and the notes having been once paid, it is clear, that no action can be maintained upon them.

If *Harris* conveyed to *Flanders* the mere right to redeem the land, without any covenant against incumbrances, whatever price the representations of *Harris* may have induced *Flanders* to pay for the right to redeem, *Flanders* is without remedy, unless the representations of *Harris* were fraudulent. If *George* conveyed the land to *Harris* and *Russell*, with a covenant against incumbrances, he may be compelled by an action in their names to pay the amount of the incumbrance. But for aught that appears in this case, he may have conveyed nothing to *Harris* and *Russell* but the mere right to redeem; in which case it would be most manifestly unjust to compel him to furnish those who had bought the naked right to redeem, with the money necessary to redeem the land.

We are, therefore, of opinion, that the verdict must be set aside, and a new trial be granted.